**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**JOHN BUBRIG, JR.**                                        **CIVIL ACTION**

**VERSUS**                                                  **NO: 06-8480**

**STATE FARM FIRE & CASUALTY CO., ET AL.**                  **SECTION: "K"(3)**


### <u>ORDER</u>


Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 5) wherein the Plaintiffs John and Lois Bubrig ("Bubrigs") claim that subject matter jurisdiction does not exist over this proceeding under 28 U.S.C. § 1332 (diversity). Defendants State Farm Fire and Casualty Company, Chad Skeeles, Marvin McCardle, and Eddie Trascher, claim that the independent insurance adjusters are improperly joined in the action, and therefore, subject matter jurisdiction exists under 28 U.S.C. § 1332.

The Court has previously addressed the question of whether independent insurance adjusters may be joined in an action against a homeowner's insurer in *Edwards v. Allstate Property & Cas. Co.*, 2005 WL 221560, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) (*citing Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, at *3 (E.D. La. Dec. 18, 1997) (Vance, J.) ("This

Court has found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advice an insured of covered issues."). In *Edwards*, this Court held that "Louisiana courts and federal courts applying Louisiana law have recognized that, as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim." *Edwards*, 2005 WL 22160, at *3.

However, the Court recognized that in some circumstances "an adjuster may owe a tort duty to an insured when an adjuster may have undertaken such a duty." *Id.* (*citing Pellerin v. Cashway Pharmacy of Franklin, Inc.*, No. 14055 (La. App. 1 Cir. 3/2/81); 396 So.2d 371, 373). In particular, an independent adjuster may incur a delictual obligation to the insured when the adjuster commits a misrepresentation or fraud. *Id.* The adjuster's duty is described as requiring the adjuster

> to be truthful when he undertakes to give a claimant information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information that he provides to make important de

46A C.J.S. *Insurance* § 1345 (2004).

Plaintiffs allege in their Petition that the Defendant insurance adjusters should be liable for failing to adjust the claims of the Bubrigs and for the adjusters' "failure to disclose material information to Plaintiffs causing further delay and damage to the Plaintiffs as a result." *See* Notice of Removal, Petition, at ¶ XIII (Rec.Doc.No. 1). Moreover, Plaintiffs alleged that the independent adjusters "arbitrarily and capriciously approved payments of policy proceeds to certain insureds of State Farm while denying payments for other insureds." *Id.*, Petition, at ¶ XIV.

The Court finds that these allegations, even if taken as true, do not amount to fraud or misrepresentation under Louisiana law. The allegation that the adjusters failed to disclose material

information is conclusory, and moreover, there is no suggestion that such a failure was fraudulent. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Chad Skeeles, Marvin McCardle, and Eddie Trascher are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 28th day of February, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**